DONALD S. MORRIS AND JUNE E. MORRIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morris v. Commissioner
Docket No. 20318-87
United States Tax Court
T.C. Memo 1991-137; 1991 Tax Ct. Memo LEXIS 156; 61 T.C.M. (CCH) 2249; T.C.M. (RIA) 91137; March 27, 1991, Filed *156 An appropriate order and decision will be entered. Andrius R. Kontrimas, for the petitioners. Steven J. Bernosky, for the respondent. PARR, Judge. PARR
SUPPLEMENTAL MEMORANDUM OPINION On June 19, 1990, we filed our opinion in this case, Morris v. Commissioner, T.C. Memo 1990-306 (Morris I). Respondent filed a Rule 155 computation for entry of decision on September 4, 1990. On October 25, 1990, respondent filed a revised Rule 155 computation. In Morris I we held that $ 195,786 of petitioners' expenses constituted additional capital contributions to Shelby Corp. However, the record was unclear as to when petitioners' interest in Shelby terminated. On November 5, 1990, petitioners moved for leave to amend the petition and to reopen the record in order to claim an ordinary loss of $ 100,000 under section 1244, [1] an issue not addressed at trial. *157 On December 11, 1990, we ordered the parties to file, on or before January 31, 1991, either an agreed computation under Rule 155, a stipulation of facts for trial, or a joint status report explaining why they were unable to file a computation or stipulation. We further ordered that petitioners' motion be held in abeyance until after January 31, 1991. On January 31, 1991, the parties filed a joint status report agreeing to certain facts relating to petitioners' claimed stock loss in 1981. Although respondent did not waive his objection to petitioners' motion, respondent and petitioners agreed that petitioners tendered their Shelby stock terminating their interest in the corporation between October 31, 1981, and December 21, 1981. On February 26, 1991, we granted respondent's motion for leave to file a written objection to petitioners' motion. To clarify the record, and in accordance with the agreed facts, we will grant petitioners' motion only for the limited purpose of finding petitioners are entitled to a $ 195,786 long-term capital loss in tax year 1981 in connection with their Shelby stock. Otherwise, petitioners' motion will be denied. Petitioners' motion to amend *158 the petition and reopen the record pursuant to Rule 41(a) is based on petitioners' assertion that "It is only because the Opinion disregarded Petitioners' form of transaction * * * that the issue [of a loss under section 1244] has become critical to properly calculate Petitioners' tax liability." Our established policy is to try all issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. Markwardt v. Commissioner, 64 T.C. 989, 998 (1975), and citations contained therein. A second trial is not ordinarily granted to consider a new theory which could and should have been presented in the first trial. 64 T.C. at 998. Section 1244 allows an ordinary loss with respect to certain stock of a small business corporation, subject to certain limits, even if the loss would otherwise constitute a capital loss. The amount of the ordinary loss is limited to $ 50,000 for a single taxpayer and $ 100,000 for joint taxpayers. Sec. 1244(b). The general section 1244 requirements are as follows: (1) The domestic corporation must qualify as a small business corporation; the total contributions to capital and paid-in surplus may not *159 exceed $ 1 million; (2) a majority of the gross receipts must be derived from nonpassive income sources; (3) the stock must be common stock issued directly to an individual or partnership, and such individual or partnership in turn must hold the stock continuously from the date of issuance; and (4) the common stock must be issued in exchange for money or other property, other than stock or securities. Sec. 1244(a), (c)(1), (2), and (3); sec. 1.1244(a)-1(b), Income Tax Regs.; Adams v. Commissioner, 74 T.C. 4, 8 (1980). Additionally, regulations promulgated under section 1244(e) require specific information to accompany a taxpayer's income tax return. Sec. 1.1244(e)-1(b), Income Tax Regs.
Increases in the basis of section 1244 stock, after its original issuance, including contributions to capital of the corporation, do not qualify for ordinary loss treatment under section 1244. Sec. 1244(d)(1)(B); Morgan v. Commissioner, 46 T.C. 878, 893 (1966). Moreover, the increase in basis is not treated as a new issuance of section 1244 stock. [2]Sec. 1.1244(c)-1(b), Income Tax Regs.
*160 The parties, in their Joint Status Report filed January 31, 1991, agreed that on January 3, 1979, Shelby formally incorporated and petitioners paid $ 250 directly for their interest therein. Thus, even if petitioners were able to comply with the requirements of section 1244 (a fact that has not been shown), they would be entitled to section 1244 ordinary loss treatment on only $ 250. In light of the above, we decline to reopen the record any further for this de minimis potential benefit. We also decline to allow petitioners to amend their petition. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code as in effect for the tax years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Pierce v. Commissioner, T.C. Memo 1989-647↩.